IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ARTHUR ALLEN BEASLEY                                                                PETITIONER
REG. #06456-026

V.                                        NO.  2:05CV00331 JWC

LINDA SANDERS, Warden,                                                             RESPONDENT
FCI, Forrest City, AR

## MEMORANDUM OPINION AND ORDER

Arthur Allen Beasley, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the policy of the Bureau of Prisons (BOP) regarding when a federal prisoner is eligible for transfer to a community corrections center (CCC) (docket entry #1).  Respondent has filed a response (docket entry #7), to which Petitioner replied (docket entry #10).  For the reasons that follow, the petition is GRANTED.[1]

Petitioner states that he is serving a fifty-one month sentence of imprisonment imposed by the United States District Court, Central District of Illinois, for being a felon in possession of a firearm.  He says he has been informed by the BOP that he will be permitted to serve only the final ten percent of his sentence in a CCC, more commonly known as a halfway house.  He says his request for additional time has been denied based on the BOP's February 2005 policy which limits CCC placement to the last ten percent of an inmate's sentence, without regard to the inmate's needs and individual circumstances. Petitioner argues that the BOP's interpretation of the applicable statutes is erroneous and that application of its current policy to him violates the Ex Post Facto Clause of the United

---

[1]The parties have consented to the jurisdiction of the Magistrate Judge (docket entry #8).

States Constitution.  He asks the Court to declare the February 2005 policy invalid and to direct Respondent to transfer him to a CCC for at least the final six months of his sentence.

In Elwood v. Jeter, 386 F.3d 842, 845-47 (8th Cir. 2004), the Eighth Circuit Court of Appeals invalidated a December 2002 BOP policy regarding CCC designation and held that the BOP has the discretion to transfer an inmate to a CCC at any time, but only the duty to consider a transfer to a CCC in the last six months of a sentence.  See 18 U.S.C. § 3624(c).  In response to Elwood and other similar decisions, the BOP created the regulations challenged here, which became effective February 14, 2005.  These regulations provide that, as a "categorical exercise of discretion," the BOP will designate inmates for CCC placement "only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months."  28 C.F.R. §§ 570.20, 570.21 (2005).  Just yesterday, in Fults v. Sanders, No. 05-3490 (8th Cir. Apr. 6, 2006), the Eighth Circuit Court of Appeals declared this policy invalid as conflicting with 18 U.S.C. § 3621(b), which lays out certain factors that must be considered by the BOP in making inmate placement or transfer determinations.  See id. ("The Bureau may designate any available penal or correctional facility ... that the Bureau determines to be appropriate and suitable, considering –  (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any [relevant] statement by the court that imposed the sentence ... ; and (5) any pertinent policy statements issued by the Sentencing Commission[.]").

According to the Eighth Circuit, "[t]hree of these factors – the nature and circumstances of the offense, the history and characteristics of the prisoner, and any statement by the court that imposed the sentence – cannot be fully considered without

evaluating inmates on a case-by-case basis." Fults, slip op. at 6.  The BOP policy "removed the opportunity for the BOP to exercise discretion for all inmates not serving the last ten percent of their sentences." Id. at 9.  Because § 3621(b) requires that discretion be exercised on an individual basis, the Eighth Circuit found that the policy at issue was invalid.  Id.; see also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 244 (3d Cir. 2005) (BOP regulation is invalid because the BOP "may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations").

While Elwood and Fults mandate relief for Petitioner,[2] nothing in these decisions or the applicable statutes entitles any prisoner to six months of placement in a CCC.  See Woodall, 432 F.3d at 251 ("[T]hat the BOP may assign a prisoner to a CCC does not mean that it must."); Elwood, 386 F.3d at 847 ("We emphasize ... that 18 U.S.C. § 3624(c) does not require placement in a CCC.")  Instead, the proper remedy is consideration of such placement by the BOP in accordance with the relevant decisions.

THEREFORE, Petitioner's 28 U.S.C. § 2241 petition for writ of habeas corpus is GRANTED and Respondent is directed to: (a) consider, within twenty days and in good faith, transferring Petitioner to a CCC for the last six months of his sentence, or the remainder of his sentence if less than six months remain to be served, in accordance with the factors taken into account by the BOP prior to the adoption of its December 2002 and February 2005 policies, which must include the factors set forth in 18 U.S.C. § 3621(b); and (b) place Petitioner in conditions that will afford him a reasonable opportunity to adjust

---

[2] Because Petitioner is entitled to relief as set forth above, it is not necessary to address his ex post facto argument.

to and prepare for his reentry into the community during a reasonable part of the last ten percent of his term, to the extent practicable, not to exceed six months.

    IT IS SO ORDERED this 7th day of April, 2006.

_____
UNITED STATES MAGISTRATE JUDGE